Filed 8/1/25  P. v. Malone CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EUGENE MALONE,<br><br>Defendant and Appellant. | C101755<br><br>(Super. Ct. No. 24SR00034) |

Defendant Eugene Malone appeals the trial court's denial of his petition to be relieved from registering as a sex offender under Penal Code section 290.[1]  Counsel for defendant filed a brief seeking our independent review under *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

---

[1]  Further undesignated statutory references are to the Penal Code.

1

Although this is not defendant's first appeal as of right, we exercise our discretion to independently review the record. (*See People v. Delgadillo* (2022) 14 Cal.5th 216, 233 & fn. 6 (*Delgadillo*).) Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the trial court's order but direct the court to strike one line as surplusage.

BACKGROUND

In 2019, defendant pleaded no contest to a misdemeanor sexual battery. (§ 243.4, subd. (e)(4).) The factual basis for the plea was recited by the prosecutor as: "[Defendant] went to the Department of Human Assistance without any business being there. It was a crowded lobby. There were children present. Although the children were not in view of this. This incident occurred on surveillance . . . . [¶] He not [only] grabbed [the victim's] buttocks, but he sits [*sic*] there methodically, waiting for an opportunity to scoot next to the victim, and then slide his hand, and . . . I can only assume he was sliding his hand because you see her jump . . . . [T]his was broad daylight."

On May 29, 2019, the trial court sentenced defendant to 90 days in county jail, granted him probation for three years, and ordered him to register as a sex offender pursuant to section 290.

In 2024, defendant filed a petition to have his registration requirement terminated. The district attorney's law enforcement review report stated defendant was a tier-two registrant and was therefore required to register for 20 years, which had not yet expired.

The trial court summarily denied the petition, checking the box on its order that stated, "Petitioner is in Tier 1 or Tier 2 and has not met the mandatory minimum registration period for that tier." The court further noted: "Petitioner not eligible until 2039."

Defendant timely appealed.

2

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra,* 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

Since *Wende* was decided, our Supreme Court issued its opinion in *Delgadillo, supra,* 14 Cal.5th 216, which held the *Wende* procedures are inapplicable on appeal from a post-judgment resentencing petition. (*Id.* at p. 228.) The *Delgadillo* court expressed concern about defendants who received notice that mentioned *Wende*, which could lead them to reasonably expect *Wende* procedures to apply, even absent a supplemental brief. (*Id.* at pp. 232-233.) In such cases, where the defendant was not sufficiently warned that the appellate court could dismiss the appeal if the defendant declined to file a supplemental brief, the *Delgadillo* court opined that the appellate court should provide sufficient notice or opt to conduct an independent review, following *Wende*. (*Id.* at p. 233 & fn. 6.)

While the *Delgadillo* case concerned a petition under former section 1170.95 (now section 1172.6), the same considerations apply to our review of this postjudgment order. Thus, we exercised our discretion to conduct an independent review of the record in accordance with *Wende* and *Delgadillo*. Having done so, we find no arguable errors that are favorable to defendant.

We note, however, that it is not entirely clear defendant is a tier-two offender, as apparently assumed by the trial court when it added the reference to 2039 as defendant's year of eligibility. Section 290, subdivision (d)(2)(A) provides, "A tier two offender is subject to registration for a minimum of 20 years. A person is a tier two offender if the person was convicted of an offense described in subdivision (c) that is also described in

subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, Section 285, subdivision (g) or (h) of Section 286, subdivision (g) or (h) of Section 287 or former Section 288a, subdivision (b) of Section 289, or Section 647.6 if it is a second or subsequent conviction for that offense that was brought and tried separately."  While it is true defendant has two prior convictions for violating section 647.6, his current conviction is for sexual battery under section 243.4, subdivision (e).  Thus, his current violation (§ 243.4) does not appear to be "also described in" section 647.6.

Notwithstanding this potential discrepancy, the trial court's denial of defendant's current petition was proper as he has not yet met the 10-year deadline that applies to tier-one offenders, let alone the 20-year deadline.  The court's determination (at this five year mark) as to when defendant's ultimate registration term ends (either at 10 or 20 years) was unnecessary to its decision.  As a result, we will direct the trial court to strike as surplusage the language in its order stating defendant's eligibility date is 2039.

### DISPOSITION

The trial court's order denying defendant's petition is affirmed.  The trial court is directed to strike the language in its July 19, 2024, order that "Petitioner is not eligible until 2039."

/s/_____
Duarte, J.

We concur:

/s/_____
Hull, Acting P. J.

/s/_____
Mesiwala, J.

4